IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NAVISTAR, INC.; PURE POWER TECHNOLOGIES, LLC; and INTERNATIONAL ENGINE INTELLECTUAL PROPERTY COMPANY, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PURE POWER, LLC,<br><br>　　　　Defendant. | Case No. 4: 12-CV-013-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it two motions to dismiss for lack of subject matter jurisdiction filed by Defendant Pure Power, LLC. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

### BACKGROUND

Plaintiffs Navistar, Inc. ("Navistar"), PurePower Technologies, LLC, and International Engine Intellectual Property Company, LLC ("International Engine"), brought suit for unfair competition and trademark infringement under the Lanham Act and for deceptive advertising and unfair competition under Idaho law. The three plaintiffs are related companies that manufacture diesel engines and emissions control

technology which are marketed internationally.  *See Complaint (Dkt. No. 1)* at ¶ 3.  Navistar formed PurePower Technologies LLC in late 2009 to produce diesel engine systems and advanced emissions control systems.  *Id.* at ¶ 9.

As of March 2010, International Engine has five applications for the PUREPOWER (or PURE POWER) mark pending with the United States Patent Office.  *Id.* at ¶ 10.  Navistar and PurePower Technologies LLC license the PUREPOWER mark from International Engine.  *Id.* at ¶ 13.  This mark is used on various components associated with diesel engines and emissions control systems and is also featured on plaintiffs' advertising materials and website.  *Id.* at ¶¶ 11, 13-14.

Plaintiffs' original complaint stated that the defendant Pure Power sells diesel exhaust fluid products bearing the words "PURE POWER" within the same market.  *Id.* at ¶ 16.  Plaintiffs also allege that the defendant did not begin selling products bearing this mark until late 2010, months after International Engine filed for the PUREPOWER mark and thus in violation of their prior rights.  *Id.* at ¶¶ 18-19.

In response, the defendant filed a motion to dismiss under Rules 12(b)(1) and (6), alleging that plaintiffs' failure to use the mark in commerce destroys both federal question jurisdiction under the Lanham Act and diversity jurisdiction.  The defendant points out that International Engine only filed an intent-to-use application with the Patent Office in March 2010, and asserts that whatever sales plaintiffs have made are simply "intra-company sales" and thus do not fit within the definition of commerce under the Lanham Act.  *Id.*

Plaintiffs responded by amending their complaint to specifically allege that they use the PUREPOWER mark in commerce and have done so "since at least as early as March 2010." *See Amended Complaint (Dkt. No. 15)* at ¶ 10. Plaintiffs also submitted several photos showing engine parts bearing the PUREPOWER mark as well as a tradeshow booth bearing the same name.

The defendant responded by filing a second motion to dismiss, asserting that the amended complaint did not cure the flaws contained in the original complaint.

## LEGAL STANDARD

This Court has subject matter jurisdiction over all actions arising under the Lanham Act. *See* 15 U.S.C. § 1121(a). A challenge to this Court's subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* To the degree that the defendant's attack is facial, the amended complaint clearly contains sufficient allegations on its face to overcome that challenge. *See Rhoades v. Avon Products,* Inc., 504 F.3d 1151, 1157-58 (9th Cir. 2007) (rejecting facial challenge to amended complaint in trademark infringement action).[1]

The core of the defendant's challenge appears, however, to be factual. That is, the defendant is alleging that there is no evidence that plaintiffs have made anything beyond "token use" of the mark. When a party makes a factual challenge to the Court's subject

---

[1] Under this same analysis, the Court must deny defendant's Rule 12(b)(6) challenge that the amended complaint fails to state a claim.

matter jurisdiction, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotations omitted). Where no evidentiary hearing is held, conflicts in the submissions by the parties must be resolved in the plaintiffs' favor. *Rhoades*, 504 F.3d at 1160.

## ANALYSIS

To properly state a claim for trademark infringement under § 43(a) of the Lanham Act, a plaintiff must allege that the mark was used in commerce at the time the claimed infringement occurred. 15 U.S.C. § 1125(a). A mark is used in commerce if it is "placed in any manner on the goods…or the displays associated therewith." 15 U.S.C. § 1127. Notably, use in commerce requires "the bona fide use of a mark in the ordinary course of business" rather than nominal usage made "merely to reserve a mark." *Id*. For this reason, mere "token use" of goods, such as trifling intra-company sales, does not constitute use in commerce. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1157 (9th Cir. 2001); *McQuay-Norris Mfr. Co. v. H-P Tool Mfr. Corp.*, 141 U.S.P.Q. 405 (T.T.A.B. 1964).

In its brief supporting its motion to dismiss, the defendant alleges that "[o]n information and belief, [plaintiff Pure Power Technologies LLC] has engaged solely in intra-company sales, and has not sold parts to third parties using the PURE POWER mark." *See Pure Power Brief (Dkt. No. 8-1)* at p. 6. The defendant did not submit any affidavits or other evidentiary material to support this assertion but merely requests "that the plaintiff be required to demonstrate actual use of the disputed marks in commerce to establish rights protected by § 43 of the Lanham Act . . . ." *Id*. at p. 7.

In response, plaintiffs submitted the affidavit of Andrew Kratky, Director of Business Development for plaintiff PurePower Technologies LLC. He states that "since November 2009, [PurePower Technologies LLC's] sales of PURE POWER-branded products have totaled over $380 million." *See Affidavit of Kratky (Dkt. No. 21-1)* at ¶¶ 5-6. Almost half of these sales – $175 million worth -- have been to entities unrelated to the Navistar entities, according to Kratky. *Id*. at ¶ 6.

The defendant has not rebutted the Kratky affidavit with any contradictory facts. Thus, the Court must assume the truth of the allegations contained in the Kratky affidavit. If true, $175 million in sales of the branded products to third parties appears to be more than a "token use" of the mark. Accordingly, the defendant's motions to dismiss must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 8 & 20) are DENIED.

DATED: July 30, 2012

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 6